IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cr-40100-SMY |
| | ) |
| FREDY GUMERCINDO MORALES SANTIZO, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## ORDER

**YANDLE, District Judge:**

Defendant Fredy Gumercindo Morales Santizo was sentenced on August 26, 2021, to 60 months' imprisonment for attempted use of interstate facilities to transmit information about a minor (Count 2) (Docs. 47, 50). Santizo filed *pro se* motions seeking a sentence reduction under Amendment 821 to the United States Sentencing Guidelines (Docs. 53, 55).

Amendment 821 to the United States Sentencing Guidelines, related to criminal history, became effective on November 1, 2023. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Amendment 821 is retroactive, but a court may not order the release of a defendant prior to February 1, 2024. *See* Amendment 825 to USSG § 1B1.10, effective November 1, 2023.

When considering a retroactive Guidelines amendment, the Court must first determine a defendant's eligibility for sentence modification and what amended guideline range would have

been applicable to the defendant. If a new sentence is authorized under those conditions, the Court, in its discretion, may determine whether a lower sentence within the amended Guidelines range is warranted upon consideration of the factors listed in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Santizo's total offense level at sentencing was 23 and his criminal history category was I, which yielded a Guidelines sentencing range of 46 to 57 months' imprisonment. He was sentenced to 60 months pursuant to a binding plea agreement. Under Amendment 821, Santizo's criminal history category and Guideline sentencing range remain unchanged. Thus, he is not eligible for a sentence reduction. Accordingly, the motions to reduce pursuant to Amendment 821 (Docs. 53, 55) are **DENIED**.

**IT IS SO ORDERED.**

**DATED: December 4, 2024**

　　　　　　　　　　　　　　　　　　　　　　　　**STACI M. YANDLE**
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge